FILED
2026 Feb-18  AM 09:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ALABAMA

### SOUTHERN DIVISION

FILED

2026 FEB 17  P 2: 08

U.S. DISTRICT COURT
N.D. OF ALABAMA  AO

**AARON D. SCOTT,**
Plaintiff,

v.

Civil Action No. _____

**AMAZON.COM SERVICES LLC,**
Defendant.

## COMPLAINT

### I. JURISDICTION AND VENUE

1. This action arises under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to this action occurred in Jefferson County, Alabama.

### II. PARTIES

4. Plaintiff Aaron D. Scott is a resident of Jefferson County, Alabama.

5. Plaintiff is deaf and hard of hearing, constituting a disability under the ADA.

6. Defendant Amazon.com Services LLC is an employer doing business in Jefferson County, Alabama, including operating a fulfillment center in Bessemer, Alabama.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

8. The EEOC issued a Notice of Right to Sue dated November 20, 2025.

9. This action is filed within the statutory deadline.

## IV. FACTUAL ALLEGATIONS

### A. Employment and Disability Disclosure

10. Plaintiff began employment with Defendant in April 2021.

11. Defendant was aware from the outset that Plaintiff is deaf and hard of hearing.

12. Plaintiff was willing, able, and eager to work and repeatedly expressed his readiness to do so.

### B. Failure to Provide Effective Accommodations

13. At the start of employment, Defendant was unable to secure on-site ASL interpreters, resulting in Plaintiff being sent home multiple times before onboarding could begin.

14. Defendant provided on-site interpreters only during the first three days of initial training.

15. After initial training, Defendant did not provide consistent on-site interpreters and relied primarily on video remote interpreting (VHR) and informal methods, which were unreliable and ineffective in a warehouse environment.

16. Plaintiff repeatedly sought effective communication, including reasonable interpretive support when needed.

17. Defendant did not provide a consistent or effective accommodation process.

### C. Learning Ambassador Role and Uncompensated Interpreting

18. Plaintiff was promoted to Learning Ambassador around September–October 2021.

19. Plaintiff was frequently relied upon to assist and interpret for deaf and hard-of-hearing employees.

20. Plaintiff was not compensated as an interpreter and remained paid at his prior rate.

21. Plaintiff inquired about becoming an official on-site interpreter and sought guidance through Human Resources, Safety, senior management, ASL Services, and third-party vendors.

22. Despite escalation and written inquiries, Plaintiff did not receive a completed process, placement, or resolution.

D. Communication Barriers and Discipline

23. Plaintiff was initially disciplined for phone use before being informed that deaf and hard-of-hearing employees were permitted phone use with a designated sticker for communication.

24. Plaintiff promptly obtained the required sticker once informed.

25. Plaintiff later learned of communication tools and accommodations only after discipline occurred, rather than during onboarding.

E. Demotion, Transfers, and Management Changes

26. After Plaintiff's accommodation inquiries, Defendant raised productivity concerns and removed Plaintiff from the Learning Ambassador role.

27. Plaintiff was returned to Stowing, a role in which he had previously been relied upon to interpret.

28. Plaintiff requested reassignment and successfully trained for a PIT position, becoming the first deaf or hard-of-hearing employee in that role at the location.

29. During this period, Plaintiff experienced frequent management changes without clear notice, contributing to communication breakdowns.

F. Retaliation and Termination

30. After Plaintiff engaged in protected activity by requesting accommodations and escalating concerns, Defendant subjected Plaintiff to increased scrutiny and discipline.

31. On February 1, 2024, Plaintiff was terminated.

31a. Plaintiff was informed at the time of termination that he would receive information regarding an internal appeal process within 24 to 48 hours. Plaintiff did not receive timely appeal information. Defendant later issued termination documentation reflecting a different termination date than the date Plaintiff was informed of his termination, further contributing to communication failures related to Plaintiff's disability.

32. Plaintiff was not provided effective communication support or an on-site interpreter at termination.

## V. CLAIMS FOR RELIEF

### COUNT I – FAILURE TO PROVIDE REASONABLE ACCOMMODATION (ADA – 42 U.S.C. § 12112)

33. Plaintiff incorporates all preceding paragraphs.

34. Plaintiff is a qualified individual with a disability.

35. Defendant failed to provide reasonable and effective accommodations for Plaintiff's known disability.

36. Defendant's failure limited Plaintiff's ability to communicate, perform duties, and participate equally in the workplace.

### COUNT II – RETALIATION (ADA – 42 U.S.C. § 12203)

37. Plaintiff incorporates all preceding paragraphs.

38. Plaintiff engaged in protected activity by requesting accommodations and raising disability-related concerns.

39. Defendant subjected Plaintiff to adverse employment actions, including demotion, discipline, and termination.

40. The adverse actions occurred after and in close temporal proximity to Plaintiff's protected activity.

## VI. DAMAGES

41. Plaintiff suffered lost wages, emotional distress, and other damages as a result of Defendant's conduct.

## VII. RELIEF REQUESTED

A. Declare that Defendant violated the ADA;

B. Award back pay and lost benefits;

C. Award compensatory damages as allowed by law;

D. Award costs of this action;

E. Grant any other relief the Court deems just and proper.

## VIII. JURY DEMAND

42. Plaintiff demands a trial by jury on all issues so triable.

## IX. SIGNATURE

Aaron D. Scott
200 Robert Jemison Rd Apt 2A
Birmingham AL, 35209
Plaintiff, Pro Se

Jefferson County, Alabama

Date: 2/16/26